

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00081-CR

NORMAN LEE HILL, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1317674D, Honorable Everett Young, Presiding

November 13, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Norman Lee Hill, Jr., entered a plea of guilty, without benefit of a plea bargain, to the indicted offense of aggravated robbery with a deadly weapon.[1]  After receiving a pre-sentence investigation report (PSI), the trial court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for 30 years.  Appellant appeals, contending that the trial court erred in not granting his motion for new trial.  We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).

Factual and Procedural Background

Appellant was charged by indictment with aggravated robbery with a deadly weapon. The victim of the robbery was a 13-year-old juvenile, who was robbed at gunpoint for his tennis shoes, cell phone, and approximately $20 cash.

Appellant entered his plea of guilty to the offense, and the trial court ordered a PSI. After the PSI and one supplement were completed, the trial court convened a hearing on the issue of punishment. The State offered the PSI and the supplement into evidence and rested. Appellant presented his mother's and his own testimony. At the conclusion of the evidence, the trial court offered the opportunity to trial counsel to make any summation they felt necessary. Appellant's trial counsel then made his argument to the trial court. During the State's closing argument, counsel made the following statements: "There's not much I can say to put a good spin on the life of Norman Hill so far, Judge. It is disgusting the way this guy has lived. And he's got no one to blame but himself. It is absolutely not his mother or his family's fault." At the time the statements were made, there was no objection lodged by trial counsel. Thereafter, the trial court assessed appellant's sentence at confinement in the ID-TDCJ for a period of 30 years.

Subsequently, appellant's counsel filed a motion for new trial. The motion for new trial raised two issues: (1) the verdict was contrary to the law and the evidence, and (2) the court's sentence was excessive and constituted cruel and unusual punishment. Even though represented by counsel, appellant filed a *pro se* motion for leave to file a motion for new trial that argued that he had been prejudiced by the comments made by the State's attorney during closing arguments. The trial court never granted permission

2

to file the *pro se* motion for new trial. The trial court entered no orders referring to either of the post-trial motions, and, accordingly, they were deemed to be overruled by law.

Appellant now appeals contending that the trial judge committed reversible error by not hearing and granting his motion for new trial. For the reasons hereinafter stated, we disagree and will affirm.

## Standard of Review

An appellate court reviews a trial court's denial of a motion for new trial under an abuse of discretion standard.[2] *See Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014). We do not substitute our judgment for the trial court's; rather, we simply decide whether the trial court's decision was arbitrary or unreasonable. *See id.*

## Analysis

It is axiomatic that to obtain relief from an appellate court, the issue brought to the appellate court must have been preserved for appellate purposes. *See* TEX. R. APP. P. 33.1(a)(1). The preservation requirement applies to appellate issues attacking the State's closing argument. *See Threadgill v. State,* 146 S.W.3d 654, 667 (Tex. Crim. App. 2004) (en banc) (holding that failure to object to jury argument forfeits the right to complain on appeal).

Here, the record clearly demonstrates that there was no objection to the State's argument about which appellant now complains. Accordingly, appellant has waived this argument for appellate purposes. *See id.*

---

[2] All of appellant's motions for new trial were overruled by operation of law. TEX. R. APP. P. 21.8(c).

Even if we were to assume, *arguendo,* that appellant's complaint was properly before this Court, the record does not support his proposition that his rights were harmed. The record clearly demonstrates that, when passing sentencing, the trial court delineated a number of factors that led to the sentence imposed. Specifically, the trial court identified the information presented in the PSI and appellant's judicial confession as factors it considered. A review of the PSI shows appellant's initial denial of culpability, which then morphed into a minimization of his responsibility for the aggravated robbery at issue. Our review of the record leads to the conclusion that the trial court did not abuse its discretion in overruling appellant's motion for new trial. *See Colyer*, 428 S.W.3d at 122. Accordingly, appellant's issue is overruled.

Conclusion

Having overruled appellant's single issue, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.